## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | Civil No. **PJM 20-0300** |
| | * | Crim. No. **PJM 13-0622** |
| **NICHOLAS DEANGELO PLATER** | * | |
| | * | |
| Petitioner-Defendant. | * | |
| | * | |

### MEMORANDUM OPINION

Nicholas DeAngelo Plater has filed a Motion to Vacate Judgment Under 28 U.S.C. § 2255 (ECF No. 49). For the reasons that follow, the Court **DENIES** the Motion.

### I.    Background

On July 24, 2013, Prince George's County police officers were conducting surveillance in Landover, Maryland when a group of men, including Defendant Nicholas DeAngelo Plater, were in the roadway. Plea Agreement, ECF No. 25-1. Upon seeing the officers, the group dispersed, and Plater fled on foot. *Id.* The officers pursued Plater, who fell at the foot of a set of stairs. *Id.* As Plater fell, a firearm fell out of his waistband. *Id.* He picked up the firearm, ran up the stairs, and threw the firearm into a nearby wooded area. *Id.* After detaining Plater, officers recovered the firearm and an unloaded magazine fitting the firearm. *Id.*

Prior to July 24, 2013, Plater had been convicted of multiple offenses punishable by more than one year of imprisonment, making him ineligible to possess a firearm and ammunition. *Id.* Those prior convictions include Conspiracy to Commit Robbery and Possession of Phencyclidine ("PCP"). Plater's civil rights had not been restored. *Id.*

On November 6, 2013, Plater was charged by a single-count indictment with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. On October

1

16, 2014, Plater pleaded guilty to that offense in the Indictment pursuant to a plea agreement. ECF Nos. 24, 25. On March 6, 2015, he was sentenced to 46 months of imprisonment followed by 3 years of supervised release. ECF No. 42.

Following the Supreme Court's decision in *Rehaif v. United States*, 136 S. Ct. 2191 (2019), Plater filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255. ECF No. 49. On February 7, 2020, the Court directed the Government to respond to his motion within 60 days. ECF No. 51.

On June 9, 2020, following the Fourth Circuit's decision in *Gary v. United States*, 954 F.3d 194, 199 (4th Cir. 2020), *rev'd sub nom. Greer v. United States*, 141 S. Ct. 2090 (2021), Plater, through counsel, filed a Supplemental Motion to Vacate. ECF No. 54. On June 16, 2020, the Government filed a Consent Motion to stay the Government's Response Deadline pending a potential en banc rehearing of *Gary*, which the Court granted. ECF Nos. 55, 56.

The Supreme Court subsequently reversed *Gary* in *Greer v. United States*, 141 S. Ct. 2090 (2021). On December 3, 2021, Plater, through counsel, voluntarily dismissed his Supplemental Motion to Vacate. ECF No. 58. Plater did not withdraw his original *pro se* Motion to Vacate (ECF No. 49), which is remains pending before the Court. The Court now considers the remaining Motion.

## II.    Legal Standard

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255).

2

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v. Farley*, 512 U.S. 339 (1994).

### III.    Discussion

In his Motion, Plater argues that the *Rehaif* error in his case warrants vacatur of his sentence. He also asserts that he suffered from ineffective assistance of counsel when he entered his plea. The Court addresses these claims in turn and finds that neither of those claims warrant relief.

#### A. *Rehaif* Error

In *Rehaif v. United States*, the Supreme Court clarified the *mens rea* requirement for firearm-possession offense under 18 U.S.C. § 922(g), holding that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2195 (2019).

In a pair of consolidated cases, the Supreme Court addressed the standard of review for appeals brought under *Rehaif*. In *United States v. Gary*, Gary was arrested, charged, and pled guilty to two counts of being a felon in possession of a firearm and ammunition in violation of § 922(g). 954 F.3d 194, 199 (4th Cir. 2020), *rev'd sub nom. Greer v. United States*, 141 S. Ct. 2090 (2021). Gary was not advised during his Rule 11 plea colloquy that, if he went to trial, the

3

Government would have been required to prove that he knew he was a felon at the time of possession. *Id.* Gary appealed based on *Rehaif*, and the Fourth Circuit found that the failure to inform Gary of the knowledge element was plain error. *Id.* at 202. The court also found that these "*Rehaif* errors" are structural and require vacatur per se. *Id.* at 202–05. Thus, Gary was not required to demonstrate actual prejudice, or that the outcome of the trial court proceedings would have been different, had he been informed of the knowledge element. *Id.* at 207–08.

In *Greer v. United States*, Greer was arrested, charged, and found guilty by a jury of being a felon in possession of a firearm. 798 Fed. App'x 483, 484–85 (11th Cir. 2020), *aff'd*, 141 S. Ct. 2090 (2021). During his trial, the district court did not instruct the jury that knowledge was an essential element of the offense. *Id.* at 486. Greer moved for a new trial based on the jury instruction. The Eleventh Circuit, applying plain-error review, rejected his argument. *Id.*

The Supreme Court consolidated *Gary* and *Greer* in *Greer v. United States*, 141 S. Ct. 2090 (2021), holding that a *Rehaif* error is not a basis for plain-error relief "unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." 141 S. Ct. at 2093. The main question considered by the Supreme Court was whether the plain *Rehaif* error affected the "substantive" rights in Gary's case. *Greer*, 141 S. Ct. at 2097. The Court rejected the Fourth Circuit's holding that a *Rehaif* error is structural, noting that unlike other structural errors, "the omission of a single element from a plea colloquy does not deprive defendants of basic protections without which a criminal [proceeding] cannot reliably serve its function as a vehicle for determination of guilt or innocence." *Id.* at 2100. The Court concluded that *Rehaif* errors must be examined under the normal plain-error standard and do not automatically require vacatur of a sentence. *Id.*

4

In his Motion, Plater relies on the Supreme Court's holding in *Rehaif* that knowledge of one's status as a felon is a required element under § 922(g)(1). Given the Supreme Court's later clarifications in *Greer*, this Court must now consider whether Plater's claim of error satisfies the standard tests of procedural default and plain-error review. The Court finds that it does not.

         i.     Procedural Default

Procedural default bars consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant show[s] cause and actual prejudice resulting from the errors of which he complains." *Johnson v. United States*, No. CR RDB-10-703, 2022 WL 684132, at \*2 (D. Md. Mar. 8, 2022) (citations omitted). To overcome procedural default on a motion under § 2255, a defendant must demonstrate both "cause" excusing the lack of direct challenge and "actual prejudice" resulting from the error being challenged. *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994) (citing *Frady*, 456 U.S. at 167–68 (1982)). To show "cause," the defendant must "show that some objective factor external to the defense" prevented raising the defaulted claim on direct review. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Actual prejudice" from a plea colloquy error requires a "reasonable probability that, but for the error, [the defendant] would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).

Here, there is no question that Plater has demonstrated cause for failing to raise his claim on direct appeal since *Rehaif* was not decided until after the Fourth Circuit had already affirmed his conviction and sentence. *Johnson*, No. CR RDB-10-703, 2022 WL 684132, at \*2 (citing *United States v. Dempster*, No. CV PJM 20-1424, 2022 WL 486791, at \*3 (D. Md. Feb. 17, 2022)).

Nonetheless, Plater has failed to demonstrate actual prejudice. To demonstrate actual prejudice, he would need to show that, if the Court "had correctly advised him of the *mens rea* element of his offense, there is a reasonable probability that he would not have pled guilty." *Greer*, 141 S. Ct. at 2097 (internal quotation marks omitted). In assessing that probability, the Court presumes that Plater was aware of his status as felon. *See id.* (reasoning that "[i]f a person is a felon, he ordinarily knows he is a felon"). Plater has not provided evidence that would tend to show he was unaware of his felon status at the time he possessed his firearm. *See, e.g., United States v. Crawley*, No. CR JPJ 15-001, 2021 WL 2910724, at *3 (W.D. Va. July 12, 2021) (finding no actual prejudice from a *Rehaif* error where defendant failed to provide evidence negating knowledge of his status as a felon); *Rios v. United States*, No. CR FL 17-139-1, 2022 WL 256486, at *2 (E.D.N.C. Jan. 26, 2022) (same). Given Plater's criminal history, he cannot demonstrate a reasonable probability that he would not have entered a guilty plea had he been informed about the Government's burden to prove the knowledge element. Accordingly, Plater's claim is barred by procedural default.

ii. Plain Error

In any event, Plater's claim would still fail on plain-error review. Under *Greer*, a *Rehaif* error is a plain error that satisfies the first two prongs of the plain-error test. 141 S. Ct. at 2097, 2100. To demonstrate plain error, a defendant must show that: "(1) there was error; (2) the error was plain; and (3) the error affected their substantial rights." *United States v. Simmons*, 11 F.4th 239, 263 (4th Cir. 2021). For the third prong—which asks whether a plain error affected a defendant's substantial rights—*Greer* requires Plater to show that but-for the *Rehaif* error, he would have gone to trial and presented evidence that he did not have knowledge of his status as a felon. 141 S. Ct. at 2098. As discussed previously, Plater has not provided any evidence indicating

6

that he would have gone to trial and mounted a *mens rea* defense but-for the *Rehaif* error, so his claim does not warrant vacatur. Even if he had provided such evidence, Plater has failed to demonstrate that the *Rehaif* error in his case "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 2097 (citing *Rosales-Mirales v. United States*, 138 S. Ct. 1897, 1904–05 (2018)). Thus, even if Plater's claim were not barred by procedural default, he would still not be entitled to vacatur under plain-error review.

### B. Ineffective Assistance of Counsel

Plater also asserts in his Motion that his counsel's performance was ineffective, based on counsel's failure to prevent the *Rehaif* error. This argument likewise fails.

In the context of a plea bargain, claims of ineffective assistance of counsel are governed by the two-prong test set out in *Strickland v. Washington*, 466 U.S. 688 (1984)." *Missouri v. Frye*, 566 U.S. 134, 140 (2012). The *Strickland* test requires a defendant to show that (1) his counsel's representation was deficient; and (2) that he was prejudiced by that deficient representation. *Walters v. Martin*, 18 F.4th 434, 442 (4th Cir. 2021) (citing *Strickland*, 466 U.S. at 687). Whether a lawyer's representation was "deficient" is evaluated "in light of the available authority at the time of counsel's allegedly deficient performance." *United States v. Carthorne*, 878 F.3d 458, 466 (4th Cir. 2017).

At the time Plater entered his plea agreement, the Supreme Court had not yet decided *Rehaif* and articulated the knowledge element of § 922(g). Without evidence of some other deficiency, the Court cannot find that Plater's counsel was ineffective for failing to prevent the *Rehaif* error some five years before *Rehaif* was decided. *See, e.g., Opata v. United States*, No. CR CCE 16-177, 2021 WL 6126987 (M.D.N.C. Dec. 28, 2021) (finding no ineffective assistance of

counsel where defendant was not informed of knowledge element of § 922(g) prior to the decision in *Rehaif*). The first prong of the *Strickland* test is therefore not met.

Even if his lawyer's failure to prevent the *Rehaif* error qualified as deficient representation, Plater cannot show that he was prejudiced by not being informed on the knowledge element by his attorney for the reasons discussed previously. He has presented no evidence demonstrating that he did not know of his prior convictions, nor has he indicated that he would have rejected the plea agreement he had known about the Government's burden to prove the knowledge element. The second prong of the test is also not met. Accordingly, the Court finds that there is no basis to grant relief based on Plater's ineffective assistance of counsel claim.

## IV.    Certificate of Appealability

Rule 11(a) of the Rules Governing § 2255 Cases directs district courts to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has considered the record and finds that Plater has not made the requisite showing.

## V.    Conclusion

For the foregoing reasons, Plater's Motion to Vacate (ECF No. 49) is **DENIED**, and the Court **DENIES** a certificate of appealability.

A separate order will **ISSUE.**

Date: March ___, 2022

29

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE